# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK SLEIGHTER, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. |
| | : | |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| NATIONAL RAILROAD PASSENGER | : | |
| CORPORATION, a/k/a AMTRAK | : | |
| | : | |
| Defendant. | : | **COMPLAINT** |

Plaintiff Mark Sleighter, by his undersigned counsel, for his Complaint against defendants National Railroad Passenger Corporation, a/k/a Amtrak, avers as follows:

## THE PARTIES

1. Plaintiff Mark Sleighter is an adult citizen and resident of the Commonwealth of Pennsylvania, residing at 3955 Laurel Run, Columbia, PA 17512.

2. Defendant National Railroad Passenger Corporation (hereinafter, "Amtrak") is a corporation established by an Act of Congress of October 30, 1970, 84 Stat. 1328 *et seq.*, commonly known as Rail Passenger Service Act of 1970, and amendments thereto.

## NATURE OF THE ACTIONS, JURISDICTION AND VENUE

3. Mr. Sleighter's cause of action against Amtrak arises under the Act of Congress of April 22, 1908, 35 Stat. 65, Chapter 149, and amendments thereto, codified at 45 U.S.C.

Section 51 et seq., and commonly known as the Federal Employers' Liability Act (the "FELA").

4. This Court has federal question jurisdiction over Mr. Sleighter's FELA action pursuant to 28 U.S.C. §1331. This Court also has jurisdiction over Mr. Sleighter's FELA action pursuant to 45 U.S.C. Section 56, which vests the State and Federal Courts with concurrent jurisdiction over FELA claims.

5. This Court has personal jurisdiction over Amtrak, which carries on a continuous and systematic part of its general business within the Eastern District of Pennsylvania.

6. Venue is appropriate in the Eastern District pursuant to 28 U.S.C. §1391(b)(1) and (c). Amtrak is subject to personal jurisdiction here and so resides in the Eastern District.

## COUNT I
## FEDERAL EMPLOYERS' LIABILITY ACT

7. Mr. Sleighter hereby restates and reavers as though fully set forth herein the averments contained in Paragraphs 1 through 6, hereinabove.

8. Defendant Amtrak was, at the time of the accident and injuries herein alleged, and is now, doing business within the jurisdiction of this Court as an interstate common carrier of passengers for hire by rail into and from the various states of the Union and the District of Columbia.

9. At the time of the accident and injuries herein alleged, Mr. Sleighter was employed by Amtrak as a communications and signals technician and was working in furtherance of interstate commerce.

10. On October 20, 2020, Mr. Sleighter was working at Amtrak's Lancaster Station installing pipe to run wires. As Mr. Sleighter was using an 8-foot frame ladder, the support piece bent causing Mr. Sleighter to fall off the ladder injuring his right shoulder, elbow and back.

11. As a result of the accident, Mr. Sleighter suffered superior labral tear of the right shoulder and displacement of the lumbar disc with radiculopathy, which required shoulder surgery and physical therapy.

12. At all times hereto, Amtrak owed the duty to its employees, including Mr. Sleighter, to act as a reasonable employer to provide Mr. Sleighter with a safe place to work, and this duty included the obligation to provide Mr. Sleighter with safe and suitable tools and equipment, adequate manpower, adequate supervision, and safe rules, methods and procedures.

13. As part of its duty under the FELA to act reasonably to provide its employees with a safe place to work, Amtrak had an affirmative obligation to inspect its equipment to discover defects, dangerous and unsafe conditions in its equipment and to warn its employees of any defective, dangerous or unsafe conditions.

14. Mr. Sleighter's accident and injuries were caused by Amtrak's negligent violation of the Federal Employers' Liability Act in that Norfolk Southern, through its agents, servants and employees:

    (a) Failed to use ordinary care to furnish Mr. Sleighter with a safe place to work and to perform the duties of his employment;

    (b) Failed to provide Mr. Sleighter with the proper tools and equipment to safely perform his job duties;

  (c)  Required Mr. Sleighter to work using a ladder that was unsafe;

  (d)  Failed to inspect and maintain its equipment;

  (e)  Failed to warn Mr. Sleighter of the dangers posed by the job task to which he was assigned;

  (f)  Failed to warn Mr. Sleighter of the potentially insecure nature of the ladder; and

  (g)  Failed to provide Mr. Sleighter with adequate manpower to safely perform his assigned task;

  (h)  Failed to protect Mr. Sleighter from the insecure ladder; and

  (i)  Failed inspect, supervise and oversee Mr. Sleighter's job task to discover dangers or insufficiency in the equipment, methods and manpower.

15. Following the accident, Mr. Sleighter was seen in the emergency room at Lancaster General Health with head, neck, right shoulder, lower back, abdominal and bilateral elbow pain. After undergoing x-rays and CT imaging, Mr. Sleighter was discharged with instructions to follow up with occupational medicine doctor.

16. On October 27, 2020, Mr. Sleighter began treating with Dr. Gregory Tocks at Orthopedic Associates of Lancaster. He complained of ongoing low back, right shoulder, and right elbow pain.  Dr. Tocks noted positive for the Jobe's and speed test and ecchymosis along the medical aspect of the right elbow.  The doctor order an MR arthrogram of the right shoulder and MRI of the right elbow and referred him to physical therapy.

17. On November 9, 2020, Mr. Sleighter underwent MR arthrogram of the right shoulder at Orthopedic Associates of Lancaster which showed superior labral tear.

18. Mr. Sleighter returned to Dr. Tocks on November 13, 2020 for follow up and to review the result of his MRI.  He complained of right shoulder and low back pain which was constant, achy and burning.  After the review of the MRI of the right shoulder, Dr. Tocks

diagnosed him with superior labral tear.  The doctor recommended an MRI of the lumbar spine, referred him to physical therapy and to follow up with a pain specialist.

19. On November 16, 2020, Mr. Sleighter began a course of physical therapy at Penn Medicine Lancaster General Health.  He attended approximately 7 visits through December 7, 2020.

20. On December 11, 2020, Mr. Sleighter went to Dr. Adam Hyatt at Orthopedic Associates of Lancaster for a second opinion.  He complained of ongoing right shoulder pain with clicking and catching and pain with lifting, pushing, pulling, and overhead activity.  Dr. Hyatt diagnosed him with labral tear of the right shoulder and biceps tendonitis.  The doctor discussed surgical options with Mr. Sleighter and shoulder surgery was scheduled.

21. On January 6, 2021, Mr. Sleighter was evaluated by Dr. Jackson Lui for back pain with radiation into the left groin/hip and testicle.  The MRI of lumbar spine dated December 10, 2020 revealed L1-2 moderate left foraminal narrowing, mild facet arthropathy in the lower spine L4 and L5 levels.  Dr. Lui diagnosed him with displacement of lumbar disc with radiculopathy and recommended an epidural injection.

22. On March 2, 2021, Mr. Sleighter underwent a right shoulder arthroscopic biceps tenodesis and debridement of glenohumeral joint, and debridement anterior posterior labrum performed by Dr. Hyatt at Orthopedic Associates of Lancaster.

23. Mr. Sleighter returned to Dr. Hyatt at Orthopedic Associates of Lancaster for his first post-operative exam on March 11, 2021.  Dr. Hyatt referred him to physical therapy.

24. On April 6, 2021, Mr. Sleighter began a course of physical therapy at Penn Medicine Lancaster General Health. He attended approximately 18 visits through August 31, 2021.

25. Mr. Sleighter returned to Orthopedic Associates of Lancaster for post-operative follow up on April 13, 2021, May 24, 2021 and July 13, 2021. He complained of continued pain and limited range of motion. The physician assistant recommended that he continue physical therapy for more aggressive passive range of motion.

26. On September 7, 2021, Mr. Sleighter was again seen by Dr. Hyatt for follow up of his right shoulder. Dr. Hyatt recommended work hardening therapy program.

27. Mr. Sleighter was seen by Dr. Hyatt on October 5, 2021 and November 16, 2021. He continued to complain of pain and weakness with everyday lifting activities and with driving. Dr. Hyatt advised him to continue physical therapy and strengthening over the next 6 weeks.

28. On October 25, 2021, Mr. Sleighter began a course of physical therapy at Penn Medicine Lancaster General Health. He attended approximately 6 visits through November 29, 2021.

29. On December 14, 2021, Mr. Sleighter retuned to Dr. Jackson Lui at Orthopedic Associates of Lancaster with complaints of ongoing low back pain. The doctor ordered an MRI before recommending an epidural steroid injection.

30. Mr. Sleighter returned to Dr. Hyatt on January 25, 2022 for follow up of the right shoulder. Dr. Hyatt noted that his right shoulder had improved, but he has difficulty with back pain which is hindering his return to work. Therefore, Mr. Sleigher will continue to seek treatment for his back pain.

31. All of the above-described injuries and treatment were caused and necessitated by Amtrak's negligence as averred above.

32. As a further result of defendant Amtrak's negligence as averred above, Mr. Sleighter has in the past and will incur in the future substantial medical expenses.

33. As a further result of defendant Amtrak's negligence as averred above Mr. Sleighter has endured and will continue to endure serious physical and emotional pain, stress, suffering, immobility and inconvenience.

34. As a further result of Amtrak's negligence as averred above, Mr. Sleighter was unable to work from the date of the injury through March 22, 2022, causing him to suffer lost wages and benefits.

WHEREFORE, Plaintiff Mark Sleighter demands judgment in his favor and against defendant National Railroad Passenger Corporation for compensatory in an amount to be determined by the jury, together with interest, costs, attorneys' fees and such other and further relief as the Court and Jury shall deem appropriate.

Respectfully submitted,

THE MYERS FIRM, ATTORNEYS AT LAW, P.C.

By: *William L. Myers, Jr.*
William L. Myers, Jr., Esquire
1515 Market Street, Suite 810
Philadelphia, PA 19102
(215) 988-1229
bill@MFLaw.com

*Attorneys for Plaintiff
Mark Sleighter*

Dated: October 3, 2022